Date: September 10, 2021
The following is ORDERED:



BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: Caleb Roy Ward,<br>SSN: xxx-xx-8519,<br><br>Debtor.<br>_____<br><br>Farmers State Bank,<br><br>Plaintiff,<br><br>v.<br><br>Caleb Roy Ward,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 21-80150<br>Chapter 7<br><br><br><br><br><br><br><br>Adv. Proc. No. 21-08014 |

## DEFAULT JUDGMENT DENYING DISCHARGE

Before the Court is the Motion for Default Judgment filed by Plaintiff Farmers State Bank ("Plaintiff") on August 19, 2021. On July 2, 2021, the Plaintiff filed a Complaint seeking a determination of the non-dischargeability of the debt Defendant owes to Plaintiff, pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(6), a discharge of his Chapter 7 bankruptcy pursuant to 11 U.S.C. § 727(a)(2)(A), and judgment against Defendant in the amount of $10,120, plus a finance charge in

the amount of $808.40 through September 1, 2021, plus late fees and contractual interest thereafter until paid in full, the costs of this action and a reasonable attorney's fees. Defendant was duly served and has failed to appear and file an answer in this case.

On August 13, 2021, the Clerk of the Bankruptcy Court entered an Entry of Default against the Defendant pursuant to Federal Rule of Civil Procedure 55(a), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055. The Plaintiff now seeks an entry of default judgment against the Defendant pursuant to Federal Rule of Civil Procedure 55(b).

The Court, having reviewed the pleadings in the adversary proceeding, the Chapter 7 case of the Defendant, Case no. 21-80150, and the relevant legal authorities, and being fully advised, finds that default judgment should be entered against the Defendant on Plaintiff's cause of action brought pursuant to 11 U.S.C. § 727(a)(2)(A).

Based upon the allegations contained in the Complaint and the Defendant's failure to answer the Complaint, the Court finds that the Plaintiff has established its case as a matter of law. Plaintiff's Motion is therefore granted, and Defendant's discharge in Chapter 7, Case number 21-80150, is denied, pursuant to 11 U. S. C. § 727(a)(2)(A). Denial of the Debtor's discharge renders moot all issues relating to dischargeability of debt. *See Woolman, et al., v. Wallace (In re Wallace)*, 289 B.R. 428, 436 (Bankr. N.D. Okla. 2003).

The Movant shall notify all interested parties of this Order.

**IT IS SO ORDERED.**

###